IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Anthony Woods, | ) | Case No.: 5:18-cv-00144-DCN-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Bryan P. Stirling, *Director, South Carolina Department of Corrections*, and Willie D. Davis, *Warden, Kirkland Reception and Evaluation Center*, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

This capital habeas corpus matter is before the court on the petitioner, Anthony Woods's ("Woods"), Motion to Stay Proceedings Pending Exhaustion of State Remedies. (ECF No. 54.) Woods filed this motion along with his Amended Petition for Writ of Habeas Corpus ("Petition," ECF No. 53) on September 19, 2018. In Ground Four of the Petition, Woods alleges he is intellectually disabled, as defined in *Atkins v. Virginia*, 536 U.S. 304 (2002), and its progeny, and is therefore ineligible for the death penalty under the Eighth Amendment and that his trial and post-conviction relief ("PCR") counsel were ineffective for not raising this claim in state court. (ECF No. 53 at 18.) On September 17, 2018, through his current federal habeas counsel, Woods filed a second PCR application in the Clarendon County Court of Common Pleas asserting identical claims to those raised in Ground Four of the Petition. (*See* ECF Nos. 54 at 2, 54-1 at 1–2.) Woods moves the Court to stay these federal habeas proceedings while the state courts consider his second PCR application. Respondents oppose the motion to stay and have moved to dismiss the second PCR application. (*See* ECF Nos. 59, 59-1.)

In December 2006, a jury convicted Woods of murder, burglary, and criminal

sexual conduct and sentenced him to death. The South Carolina Supreme Court affirmed his convictions and sentence on appeal. *State v. Woods*, 382 S.C. 153, 676 S.E.2d 128 (2009). Woods subsequently filed a state PCR application, followed by two amended applications.

Notably, in his May 1, 2012 amended PCR application, Woods alleged ineffective assistance of trial counsel for failing to adequately investigate and raise the issue of his intellectual disability. (*See* App.[1] at 4185.) However, PCR counsel abandoned that claim prior to the evidentiary hearing and, therefore, did not include it in the final amended PCR application. (*See* ECF No. 62 at 2 (Woods's reply to motion to stay confirming Respondents' assertion that initial PCR counsel abandoned the claim).) Thus, the state courts have not yet had the opportunity to fully consider Woods's *Atkins* and corresponding ineffective assistance of counsel claims.

Further, South Carolina state courts have accepted second-in-time or successive PCR applications raising *Atkins* claims from at least four other capital federal habeas petitioners. *See Elmore v. State*, 2005-CP-24-1205 (circuit court denied State's motion to dismiss Elmore's second PCR application as time-barred, considered Elmore's *Atkins* claim, and granted post-conviction relief); *Aleksey v. State*, 2015-CP-38-00764 (Aleksey currently undergoing mental evaluations in support of the *Atkins* claim in his second PCR application, which has been pending in the circuit court since 2015); *Bryant v. State*, 2016-CP-43-00829 (*Atkins* claim in second PCR application allowed to go forward, State's motion for summary judgment denied, and evidentiary hearing scheduled); *Stone v. State*, 2018-CP-43-1025 (second PCR application raising *Atkins* claim currently

---

[1] The Appendix is located at ECF No. 20.

pending in circuit court). In each of these cases, counsel first discovered evidence supporting the petitioner's claim of intellectual disability during the petitioner's federal habeas proceedings. And, in each of these cases, the federal court stayed the petitioner's federal habeas corpus action pending resolution of his state PCR action.[2] (*See Stone v. Stirling*, 2:17-cv-1221-MGL-MGB (D.S.C. Sept. 4, 2018) (order granting motion to stay); *Bryant v. Stirling*, 9:16-cv-01423-DCN-BM (D.S.C. July 26, 2016) (order granting motion to stay); *Aleksey v. Stirling*, 5:14-cv-03016-JMC-KDW (D.S.C. Aug. 19, 2015) (order granting motion to stay); *Elmore v. Ozmint*, No. 07-14 (4th Cir. March 24, 2008) (order staying appeal).)

Despite this precedent, Respondents assert that Woods's second PCR application is improper under several state procedural rules. (*See* ECF No. 59 at 2, 18–24.) However, at least one South Carolina circuit court has specifically dismissed this argument, finding "holding that an *Atkins* claim is subject to procedural default would result in an unnecessary waste of judicial time and resources and, based on a[n] incorrectly applied technicality, the wrongful execution of a person who is constitutionally ineligible for the death penalty." Order Denying State's Mot. to Dismiss in *Bryant v. State*, 2016-CP-43-828, *Bryant v. Stirling*, 9:16-cv-01423-DCN-BM, (D.S.C. July 21, 2016), ECF No. 50-1. Respondents argue the circuit court's finding is based on an erroneous construction of state law. (ECF No. 59 at 25.) This Court will leave proper construction of state law to the state courts. *See Estelle v. McGuire*, 502 U.S. 62, 67–68

---

[2] *Aleksey* and *Bryant* were stayed prior to the South Carolina Supreme Court's decision in *State v. Robertson*, 795 S.E.2d 29 (S.C. 2016), which expressly found *Martinez v. Ryan*, 566 U.S. 1 (2012), inapplicable to successive state PCR applications, with one very limited exception. In staying this matter, the Court relies on different reasoning than in the orders staying those cases, but to the same end.

(1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

In addition, Respondents contend that Woods's case is distinguishable because Woods's PCR counsel considered raising the ineffective assistance of trial counsel claim now asserted in the Petition, but made a strategic decision to abandon that claim based on evidence that Woods was not intellectually disabled and that trial counsel were not ineffective. (*See* ECF No. 59 at 25–28.) That argument goes to the merits and is best addressed after Woods has had the opportunity to properly exhaust and fully brief his claims.

Thus, after full consideration of the parties' submissions and the procedural posture of this matter, and in the interests of federalism and comity, this matter is hereby stayed pending (1) final disposition of Woods's pending PCR action or (2) further order of this Court. *See, e.g., Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (recognizing "that district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases").

Accordingly, Woods's motion to stay (ECF No. 54) is GRANTED. The parties shall submit to the Court joint status reports every sixty (60) days regarding the status of the PCR action and Woods shall notify the Court within fifteen (15) days of the final disposition of his pending PCR application. The Court will address any currently pending funding requests when this matter returns to federal court.

**AND IT IS SO ORDERED.**

_____

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**October 22, 2018**
**Charleston, South Carolina**